ANTONIA DEL CASTILLO, Plaintiff and Appellee, v. JUAN ANTONIO DEL CASTILLO, Defendant and Appellant.

No. 6268. Argued February 13, 1933.—Decided February 17, 1933.

*Francisco A. González Suárez* for appellant. *M. A. García Méndez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The appellant was the defendant in an unlawful detainer proceeding and the court rendered judgment against him.

He filed a notice of appeal and the present is a motion to dismiss for failure to comply with the statute. Section 12 of the Unlawful Detainer Act provides:

"Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal." Revised Statutes of 1911, section 1636.

Section 11, as amended in 1929, provides:

"Appeals shall be taken within a term of five (5) days counting from the date on which notice of the judgment was given to the parties prejudiced thereby, or to their attorneys, by the clerk of the corresponding court." Session Laws, page 140.

Under these sections it is imperative for the appellant to give a bond within five days from the time fixed therein. That requisites relative to bonds on appeal are subject to a somewhat strict compliance is general law. 3 C. J. 1104 *et seq.*

The defendant relied upon the words in the statute which say that the bond must be given "to the satisfaction of the court." He argues that it is the court that must fix the bond before he is required to furnish it. Courts do not act *sua sponte* in these matters and the appellant must move to perfect his appeal within the five days fixed by the statute. Even if a bond had been presented on the last day it could have been approved thereafter. Within the five days the jurisdiction of the court must be invoked and a failure on the part of the appellant to do so is fatal.

The motion to dismiss must prevail.